STEPHENS v. MINNERLY.

PEOPLE *ex rel.* STEPHENS v. MINNERLY.

*Villages — when equity will not restrain proceedings to incorporate.*

Where proceedings under the general law to incorporate (Laws 1870, chap. 291) a village with an area of two square miles were in progress, *held,* that the fact that some square mile within the area did not contain the population required by the act would not authorize an injunction to restrain the proceedings to incorporate.

APPEAL by plaintiffs from an order at special term dissolving an injunction.

The actions were brought, one by John R. Stephens and another against William F. Minnerly and others, and the other upon the relation of the same plaintiffs against the same defendants to restrain proceedings on the part of defendants to incorporate the village of North Tarrytown. The opinion states enough facts.

*George W. Parsons,* for appellants.

*Thomas Nelson,* for respondents.

Stephens v. Minnerly.

Present — BARNARD, P. J., and DONOHUE, J.

BARNARD, P. J. It is proposed, under the general law, to incorporate the village of North Tarrytown, to comprise an area of two square miles. Certain citizens, residing or owning property within the proposed village limits, bring an action to enjoin the persons and officers, of a class designated by law to act in such cases, from consummating the undertaking, upon the allegations that some square mile of the mapped territory does not contain the requisite population; that plaintiffs would be subjected to burdens of local government vastly disproportionate to the benefits accruing therefrom, and that the proceedings therefor for the incorporation have not been shown to be entirely formal.

The plaintiffs, if injured at all, will suffer only in a manner common to the rest of the villagers, with an unascertainable difference in degree, and therefore, under well-settled rules of law, their action must fail.

The attorney-general also brings an action upon the relation of the same parties, and for the same purpose. Very rarely, if ever, would any two persons propose precisely the same lines for the boundaries of a village, and a village government can seldom confer or inflict an exact equality of benefit or injury, and yet, local governments are authorized for a beneficial purpose, and are generally administered with beneficial results. Courts should hesitate before dispensing equity to the possible subversion of law, through a broad doctrine that might permit a public officer, upon affidavits, to stop *in limine* the formation of any proposed local government. Even if no doubt existed as to the authority of the attorney-general to maintain this action, the law has provided sufficient redress in case of failure to perfect a legal incorporation, and the facts, as presented to the court, do not call for the fetters of a preliminary injunction.

The order is affirmed, with costs.

*Order affirmed.*